UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| MAJOR C. SEABURY, | : |
| Plaintiff, | : |
| -against- | : |
| UNITED STATES AND THE STATE OF NEW YORK, | : |
| | : |
| Defendants. | |

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 21, 2010

10 Civ. 0902 (PAC)(GWG)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff, Major C. Seabury, filed this pro se action on February 4, 2010, claiming that the United States and the State of New York had violated his constitutional rights. Seabury's allegations cast a wide net because they are:

> "based on all of the documents in the records and files and/or not in the records and files of the courts and agencies identified in this complaint (including but not limited to files in the records of the United States District Court, Southern District, the United States District Court, Eastern District, Offices of the Honorable Timothy H. Bishop, City of New York, I.R.S., State of New York, United Federation of Teachers Et. Al.), which are required to be in them by law but are not." (Compl. ¶ 6)

The complaint rambles on to allege numerous petitions that Seabury previously filed with various Federal, State, and City offices, as well as the Offices of Congressman Bishop and New York State Senator Brian Foley. Generally, these petitions demand that the recipient petition Congress or the New York legislature (as appropriate) and that failure to do so will result in a "'Default' of that petition." Seabury's grievance appears to arise out of his employment by the New York City Board of Education and the calculation of his retirement benefits with the United Federation of Teachers.

On February 8, 2010, the Court referred the matter to Magistrate Judge Gabriel Gorenstein, who issued his Report and Recommendation, dated March 1, 2010. Magistrate Judge Gorenstein found that the allegations of Seabury's complaint were: "almost impossible to follow" and generally "unintelligible." He determined the complaint was legally frivolous. The United States is immune from suit, unless it has consented to be sued. Hercules Inc. v. United States, 516 U.S. 417, 422 (1996). Magistrate Judge Gorenstein found no allegations in the complaint suggesting "that relief is being sought for claims over which the United States has waived its sovereign immunity." Similarly, the State of New York was immune from suit, pursuant to the Eleventh Amendment.

Magistrate Judge Gorenstein also relied on the Opinion and Order of U.S. District Judge Gleeson in the case of Seabury v. United States and the State of New York, 10 Civ. 495 (JG), (E.D.N.Y. Docket #5, February 16, 2010), which pleading is nearly identical to the pleading at issue here. Judge Gleeson reviewed the complaint, listed the four prior legal actions instituted by Seabury, as well as his repeated petitions and motions threatening defaults. Judge Gleeson also held both the United States and the State of New York immune from suit; and in any event, Seabury was not free to re-litigate prior actions by filing a new lawsuit.

Magistrate Judge Gorenstein recognized that it was unusual "to dismiss a case without affording plaintiff the opportunity to be heard in opposition." Nonetheless, the complaint was so lacking in merit that he felt dismissal was appropriate; noting that Seabury would have an opportunity to object or oppose the Report and Recommendation. Accordingly, he recommended that the complaint should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Magistrate Judge Gorenstein gave Seabury 14 days to serve and file any objections to the Report and Recommendation.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections…the Court will review the Report strictly for clear error….Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

Seabury never filed objections to Magistrate Judge Gorenstein's Report and Recommendation. Rather, he filed multiple applications to hold the Defendants in default for their failure to answer his February, 2010 complaint. In doing so, he ignored the March 1, 2010 Report and Recommendation that his case be dismissed with prejudice. The Court reviewed the affidavits and filings of June, July and October, 2010.

On June 24, 2010, Seabury filed an "Affidavit in Support of Amendment to Application for Default Judgment," dated June 17, 2010. Seabury had attempted to file this application in April, but it was returned to him by the Pro Se Office. Nothing in the Affidavit dated June 17, 2010 mentions, deals with, or refers to the March 1, 2010 Report and Recommendation. In any event, entry of a default would not be appropriate, in light of Magistrate Judge's Gorenstein's intervening Report and Recommendation that the matter be dismissed. This determination stayed Defendants' obligation to answer or move with respect to the complaint. (See Report and Recommendation, March 1, 2010, fn. 2 at pg. 3).

3

Seabury filed a similar Affidavit on July 29, 2010 complaining that the Defendants had not answered his February complaint. The Pro Se Office sent the Affidavit to the Court with the following note:

> "Plaintiff submits the attached application for default judgment. Pursuant to Judge Gorenstein's R&R the defendants were not required to respond to the complaint (see footnote #2). In addition, the application does not comply with Your Honor's Individual Practices for default judgments."

Nonetheless, the Court instructed the Clerk's Office to accept the July 29, 2010 Affidavit in Support of a Default Judgment. The July Affidavit does not mention any specific objections to the March 1, 2010 Report and Recommendation. In the course of summarizing his review of various filings he made, and the docket entries made in connection with the filing, Seabury asserts . . . "On July 26, 2010, the plaintiff purchased and (sic) a 'CERTIFIED' copy of a paper alleged to be a REPORT AND RECOMMENDATION dated, March 1, 2010 (herein identified as EXHIBIT F). This document was originally UNCERTIFIED and did not have the raised embedded seal of the U.S.D.C., Southern District." (July 29, 2010 Affidavit, First ¶5[1]).

Seabury continues that his complaint demanded a trial by jury. "A 'CERTIFIED' copy of a paper alleged to be a REPORT AND RECOMMENDATION, dated March 1, 2010 (herein identified as Exhibit F), appears to suggest that the Plaintiff's complaint should be dismissed with prejudice." The Report and Recommendation is said to violate "the First Amendment, the Fifth Amendment, Seventh Amendment, and Fourteenth Amendments (sic) of the United States Constitution as their basis and foundation, which is consistent with and not inconsistent with the assertions in the Plaintiff's complaint. It is Plaintiff's assertion that the above entitled

---

[1] The July Affidavit has two paragraphs 5.

Defendants defaults (on or about April 6, 2010) approximately thirty-five days after Exhibit E[2] was apparently signed and electronically filed by the Clerk of the Court, March 1, 2010[3] have been prima facially (sic) impeached, nullified and voided Exhibit C."[4]  (July 29, 2010 Affidavit, Second ¶ 5).

Seabury's July Affidavit concludes by asserting that the Report and Recommendation does not have "any validity, credibility, integrity, standing, force or effect . . . in essence, the substance and contents of [the Report and Recommendation] are in fact 'legal nullities.'"  These generalized objections are insufficient to raise any questions about Magistrate Judge Gorenstein's Report and Recommendation.

Seabury's final affidavit is dated October 12, 2010.  Again, he seeks default, but does not point to any deficiencies in the Report and Recommendation.  He complains that his Social Security Number (and his spouse's as well) were "contaminated and corrupted by the City of New York and the United Federation of Teachers."

There is absolutely no basis for the default judgment which Plaintiff seeks.  The affidavits in support are "almost impossible to follow" and generally "unintelligible," as Magistrate Judge Gorenstein found with respect to the complaint.  The affidavits of June, July, and October do not contain any substantive objections to the Report and Recommendation; and even if they did, the Court rejects them as not being timely made.

---

[2] Exhibit E is the docket sheet for this matter.  The Court assumes that Seabury meant Exhibit F which is the Report and Recommendation.

[3] Magistrate Judge Gorenstein's Report and Recommendation is dated March 1, 2010.

[4] Exhibit C is a series of U.S. Postal Services, Certified Mail Receipts and receipts for mailing fees.

Seabury filed no objections, as such, to the Report. Upon review, the Court finds no clear error on Magistrate Judge Gorenstein's Report and Recommendation. Indeed, the Report and Recommendation is accurate and correct, and the Court adopts it in its entirety. Accordingly, the pro se complaint is dismissed and the Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
October 21, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Sent To:

Major C. Seabury
2 Victoria Circle
East Patchogue, New York  11772

Wesley E. Bauman, Esq.
Assistant Attorney General
120 Broadway
New York, New York  10271

Louis A. Pellegrino, Esq.
Assistant United States Attorney
United States Attorney's Office
86 Chambers Street – 3rd Floor
New York, New York  10007